# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1370V

| | |
|---|---|
| DOLORES JEFFERSON,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br><br>Filed: September 19, 2024 |

*David Gregory Rogers, Rogers, Hofrichter & Karrh, LLC, Fayetteville, GA, for Petitioner.*

*Alec Saxe, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON DAMAGES[1]

On August 21, 2023, Dolores Jefferson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[1] (the "Vaccine Act"). Petitioner alleges that she suffered injuries as a result of an influenza ("flu") vaccine received on September 11, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 30, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On September 19, 2024, Respondent filed a Proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the proffered award. *Id.* at 1 – 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, I award the following compensation:

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

**A lump sum of $37,500.00 (for pain and suffering) in the form of a check payable to Petitioner.** Proffer at 1. This amount represents compensation for all damages that would be available under Section 15(a). *Id.*

The Clerk of Court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

DOLORES JEFFERSON,

      Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

      Respondent.

No. 23-1370V
Chief Special Master Corcoran
ECF

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 21, 2023, Dolores Jefferson ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered injuries as a result of an influenza vaccine she received on September 11, 2020.[1] Petition at 1. On August 22, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a Table shoulder injury related to vaccine administration ("SIRVA"), and on August 30, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 17; ECF No. 19.

---

[1] The Petition states that petitioner received the subject flu vaccine on September 10, 2020. Petition at 1. However, petitioner's vaccine administration records document that she received the subject flu vaccination on September 11, 2020. Exhibit ("Ex.") 2 at 14.

## I.  Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of $37,500.00 for pain and suffering.  This represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.  Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$37,500.00**, in the form of a check made payable to petitioner.[2] Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.,
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

/s/ Alec Saxe
ALEC SAXE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 353-7722
E-mail: alec.saxe@usdoj.gov

Date:  September 19, 2024